FITZPATRICK ET AL. *v.* TICE.

[No. 16,745. Filed April 13, 1942.]

*Arthur E. Letsinger,* of Crown Point, for appellants.
*Fagan & Daugherty,* of Gary, for appellee.

CURTIS, J.—This action was commenced by the appellee herein, Edna E. Tice, against the appellants and others to quiet her title to certain real estate in Lake County, Indiana. The complaint was in the general form and is in two paragraphs which are in legal effect identical except that they describe different parcels of real estate. The appellants each filed answer to the complaint in three paragraphs, the first of which was in general denial; the second alleged in effect that the appellee acquired title through a tax deed of which they are the equitable owners, and asked that the appellee be declared to be a trustee holding such real estate in trust for their use and benefit; the third paragraph of answer proceeds upon the theory that the appellee's interest in the real estate in question is merely a subrogated tax lien which is junior and inferior to the claim of the appellants in said real estate. The appellee replied to the second and third paragraphs of this answer, first in general denial, and second, to the effect that she received her title to the said real estate by a quitclaim deed from one Peter G. Fagen, who previously had purchased said real estate at a tax sale, and that said purchase was made before the appellants had any interest in the said real estate. To the second paragraph of reply, the appellants demurred for want of sufficient facts. This demurrer was overruled with a proper exception reserved. The cause was then submitted for trial to the court without the intervention of a jury. The finding of the court is substantially as follows: That the said Edna E. Tice is the owner and holder of a quitclaim deed to the said premises which

she received from Peter G. Fagen and his wife, and that Peter G. Fagen had previously received his title to the said real estate by virtue of an assignment of a tax certificate to him by the Peoples State Bank of Crown Point, on the 3rd day of March, 1931, and the issuance of a tax deed thereon on the 6th day of March, 1931; that said deeds were ineffectual to convey a fee simple title but that the lien that the State had on such land for said taxes shall remain in full force and effect and be transferred by such deed to the said Fagen and his assigns, and that the plaintiff, being the immediate grantee of the said Fagen, shall recover of and from the defendants the sum of $447.59 together with twenty per cent interest thereon from February 11, 1929, to December 4, 1939, making a grand total of $1,417.34, and that the said amount shall be paid within ninety days by the owner or owners of such lands, and that in default thereof that such lands be sold; and that the equity of redemption of all defendants and all persons claiming under them shall be forever foreclosed, the said sale to be made in conformity with the statute; that upon the sale of any and all parcels of land by the sheriff, he shall execute to said purchasers a sheriff's deed, and that thereupon the purchasers shall have the right to the possession of said premises. The judgment and decree of the court followed the finding. It was also decreed that the proceeds arising from the said sheriff's sale shall be applied as follows:

"1.   To the payment of all costs accruing in this cause and the costs of such sale.

"2.   To the amount due the plaintiff, Edna E. Tice, which amount is heretofore set out in full.

"3.   The surplus, if any remaining, to be paid to the Clerk of the Lake Circuit Court by the Sheriff for the use and benefit of defendants."

The appellants herein filed a motion for new trial, which was overruled with proper exception, and this appeal then prayed and perfected, the errors assigned being that the court erred in overruling the appellants' motion for new trial, and secondly, that the court erred in overruling the demurrer of the appellants to the said second paragraph of reply to the second and third paragraphs of answer. The causes or grounds of the motion for new trial are that the decision of the court is not sustained by sufficient evidence and is contrary to law, and alleged error in assessing the amount of the recovery of the plaintiff (appellee) in that said amount is too large. In the appellants' brief under Propositions and Authorities, the appellants have seen fit to abandon all of the causes or grounds of the motion for new trial, except the one that the decision of the court is contrary to law. They have also presented the alleged error in the ruling on said demurrer.

The appellants' first proposition that the decision of the court is contrary to law seems to be based entirely upon the erroneous assumption that the trial court found that the tax sale certificate was purchased by the Peoples State Bank of Crown Point, as Trustee, for the appellants, who held certain bonds secured by a mortgage on said premises in the name of the Peoples State Bank of Crown Point, as Trustee. Had the trial court so found, it would no doubt have reached a different conclusion, but it did not so find and there was competent evidence before it upon which it could conclude properly, as it did evidently conclude, that said bank did not purchase said property at said tax sale and knew nothing whatever about said tax sale, but that on the contrary the said Fagen purchased said property with his own money at said tax sale, he, at that time having an interest in said real estate which he desired

to protect. The appellants contend that inasmuch as Fagen, when he purchased said property at tax sale, had the tax certificate issued in the name of said bank, who later on assigned it to him, that they thereby would in equity be entitled to the benefit of such tax certificate. There is an abundance of evidence in the record, however, that Fagen acted solely for himself and not for the bank, and that the bank had no interest whatever in said tax certificate. The appellants seem to contend that since the bank, who was trustee under the mortgage under which they claim, had the right to advance money to pay for such items as tax liens and sales, that the tax certificate in question must be held as a matter of law to have been held by the bank for their benefit. The mortgage, under which the appellants claimed an interest, gave the right to the bank to advance monies for the payment of taxes and the like, but did not require the said bank to do so. As heretofore pointed out, the evidence is very convincing and the trial court was no doubt greatly influenced by the evidence heretofore mentioned, to the effect that the bank did not make the purchase of said tax certificate, knew nothing about it, and never at any time advanced any money whatever on account thereof. Under these facts, it is clear to us that the decision of the trial court is sustained by sufficient evidence, and that said decision is not contrary to law. The authorities cited by the appellant would have been applicable if the facts had shown that said bank purchased the real estate at said tax sale and actually owned said certificate of sale.

The ruling on the said demurrer was likewise correct.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 40 N. E. (2d) 997.